UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOEL PORTER | CIVIL ACTION |
| VERSUS | NO. 14-41-SDD-RLB |
| JOHN DAUTHIER,<br>IN HIS INDIVIDUAL<br>CAPACITY | |

## ORDER

Before the Court is Plaintiff's Second Motion to Compel (R. Doc. 61), filed on July 9, 2014. Plaintiff also filed a Motion for Expedited Consideration (R. Doc. 62). The motion is opposed (R. Doc. 64). A telephone conference was conducted on July 9, 2014 at 3:30 p.m.

The Motion to Compel seeks an order from the Court compelling the attendance of certain individuals at depositions set for July 10, 2014; July 14, 2014; and August 15, 2014. These individual include the defendant, John Dauthier, as well as certain non-party witnesses – Justin Becnel, Jason Dohm, Chief Dabadie, Sgt. Godowa, and Captain Salamoni. (R. Doc. 61-1 at 2). Because the standards regarding parties and non-parties are different, the Court will consider these individuals separately.

<u>Defendant John Dauthier</u>

The attorneys for the plaintiff and defendant exchanged correspondence in mid-June regarding acceptable dates for depositions. (R. Doc. 61-5). Based on those acceptable dates, counsel for the plaintiff, in a written Notice dated June 25, 2014, noticed the deposition of the defendant for July 10, 2014 (R. Doc. 61-6). It is not contested that this deposition was properly set in accordance with Rule 30 of the Federal Rules of Civil Procedure.

In the telephone conference with the Court, counsel for the defendant informed the Court that they were "fine" going forward with the deposition of the plaintiff tomorrow. If a party "fails, after being served with proper notice, to appears for that person's deposition" then sanctions may be applicable under Rule 37(d)(1)(A)(i).

Because the plaintiff has not indicated that he intends to refuse to appear and has not otherwise sought to quash any scheduled discovery, the Court finds that there is nothing to compel at this time.

Non-Party Deposition Subpoenas

The Motion to Compel also seeks an order compelling certain non-party witnesses to attend depositions after having been served with subpoenas for their attendance. It also seeks any "appropriate sanctions," presumably including a finding of contempt under Rule 45(g) where a person having been served with a subpoena fails to obey it. According to the Motion to Compel, these deposition subpoenas were directed to non-party witnesses Justin Becnel, Jason Dohm, Chief Dabadie, Sgt. Godowa, and Captain Salamoni. (R. Doc. 61-1 at 2). On June 30, 2014, Plaintiff attempted service of certain Rule 45 subpoenas at the Baton Rouge Police Department facility located at "the Old Woman's Hospital on Airline" in Baton Rouge, LA. (R. Doc. 61-11). Other subpoenas were served on an unknown officer who accepted certain subpoenas on behalf of Officers Becnel and Dohm. (R. Doc. 53-3 and 53-4). The depositions were set for certain dates in July and August of 2014. In the conference call, the Court noted that it could not find in the record any proof of service on Captain Salamoni. Counsel for the plaintiff represented that there had not been personal service on Captain Salamoni and that any service would have been made on an employee or co-worker at a BRPD facility.

Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "Under the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena." *Seals v. Shell Oil Supply*, No. 12-1983, 2013 WL 3070844, at *3 (E.D. La. June 17, 2013) (Roby, Mag.) (citation omitted). The Fifth Circuit has found that service of a Rule 45 subpoena on a party's attorney, instead of the party, "renders such service a nullity." *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968).

There is nothing in the record to indicate that any of these non-parties have been personally served. There is nothing in the record to indicate that they have authorized anyone to accept service of a deposition subpoena on their behalf. Counsel for plaintiff seeks support from Rule 4 of the Federal Rules of Civil Procedure and La. C.C.P. 1265 for the proposition that state law permits certain service of public officials at their office. Rule 4 does allow for service of a summons in accordance with state law under certain circumstances. Fed. R. Civ. P. 4(e)(1). Rule 4, however, is inapplicable as it does not cover the service of a subpoena under Rule 45. The substitute service provisions of Rule 4(e) do not supplant the personal service requirement of Rule 45.

For the foregoing reasons, Plaintiff's Second Motion to Compel (R. Doc. 61) is **DENIED**. Because the Court handled this matter on an expedited basis, the Motion for Expedited Consideration (R. Doc. 62) is **GRANTED.**

Signed in Baton Rouge, Louisiana, on July 9, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**