UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOEL PORTER                                                    CIVIL ACTION

VERSUS                                                          NO. 14-41-SDD-RLB

JOHN DAUTHIER,
IN HIS INDIVIDUAL
CAPACITY

# ORDER

Before the Court is nonparty Ashley Smith's Motion to Quash (R. Doc. 35) a Rule 45 deposition subpoena served by Plaintiff Joel Porter on May 19, 2014.[1] According to the subpoena, the deposition was set for May 30, 2014. (R. Doc. 35-2 at 1). That time has passed, and the record indicates that Ms. Smith was not deposed on May 30, 2014. (Pl.'s Mot. to Expedite, R. Doc. 68 at 1). On July 2, 2014, Plaintiff again served Ms. Smith with a Rule 45 subpoena to take her deposition on July 14, 2014. (R. Doc. 59). Plaintiff explains that he served the additional subpoena to reset Ms. Smith's deposition, because her May 30, 2014 deposition did not take place. In response to the additional subpoena, Ms. Smith has filed a second Motion to Quash. (R. Doc. 69).

---

[1] Ms. Smith indicates, and the record supports, that she was not personally served with the subpoena. (R. Doc. 35 at 1). Rather, Ms. Smith's mother found the subpoena "with a hand-written notation 'Served 5/19/14' taped" to the front door of her residence, which she does not share with her daughter. (R. Doc. 35 at 1). Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "Under the plain language of the rule, . . . service is improper if the person himself is not served with a copy of the subpoena." *Seals v. Shell Oil Supply*, No. 12-1983, 2013 WL 3070844, at *3 (E.D. La. June 17, 2013). The Fifth Circuit has found that service of a Rule 45 subpoena on a person other than the named party, "renders such service a nullity." *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968). Plaintiff's failure to serve Ms. Smith with a copy of the subpoena rendered it null and unenforceable. Even if the time set by the subpoena had not passed, Ms. Smith would not be obligated to comply with it.

Because the May 30, 2014 deposition did not take place (R. Doc. 35), and Plaintiff has served Ms. Smith with an additional Rule 45 deposition subpoena (R. Doc. 59), which she has again moved to quash (R. Doc. 69),

**IT IS ORDERED** that Ms. Smith's first Motion to Quash (R. Doc. 35) Plaintiff's Rule 45 subpoena to depose Ms. Smith on May 30, 2014 (R. Doc. 35-2) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on July 14, 2014.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**