UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOEL PORTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-41-JWD-RLB** |
| **JOHN DAUTHIER,**<br>**IN HIS INDIVIDUAL**<br>**CAPACITY** | |

### RULING GRANTING MOTION TO QUASH

Before the Court is non-party Jim Mustian's Motion to Quash (Motion) Plaintiff's Rule 45 subpoena, filed on June 17, 2014. (R. Doc. 44). Plaintiff, Joel Porter, filed a Memorandum in Opposition on June 19, 2014. (R. Doc. 47). Mr. Mustian responded to Plaintiff's Opposition by filing a Reply Memorandum (R. Doc. 78). The parties presented oral argument on July 23, 2014. While the Motion was under consideration, this matter was stayed for 60 days at Plaintiff's request due to his attorney's suspension from the practice of law in this district. That suspension period has now ended. For the reasons given below, Mr. Mustian's Motion to Quash (R. Doc. 44) is **GRANTED**.

### I. BACKGROUND

This is an action against John Dauthier (Defendant), a detective of the Baton Rouge City Police Department. Detective Dauthier is investigating the unsolved murder of Plaintiff's wife that occurred over 28 years ago. Plaintiff sued the Defendant for alleged constitutional violations made actionable by 42 U.S.C. § 1983 and certain alleged violations of state law.

Relevant to this Motion,[1] Plaintiff alleges that Defendant publicly implicated him as a suspect in his wife's murder in a local newspaper article written by reporter, Jim Mustian. An article discussing the unsolved murder of Plaintiff's wife was published on or about January 19, 2014. According to Plaintiff, Defendant intentionally provided Mr. Mustian with information that would tend to incriminate Plaintiff, while omitting exculpatory information. Plaintiff believes Defendant was "perniciously feeding certain half-truths and outright lies to . . . the media for the purpose of fanning the flames of rumor and suspicion around [Plaintiff's] personal and professional reputation." (R. Doc. 4 at 14). Plaintiff further claims that Defendant's statements to Mr. Mustian were a "calculated effort to taint or poison a jury pool in violation of [Plaintiff's] right to a fair trial in violation of Fifth[2] and Fourteenth Amendment Rights." (R. Doc. 4 at 17).

During discovery on June 3, 2014, Plaintiff served Mr. Mustian with a Rule 45 subpoena to appear for a deposition on July 9, 2014. (R. Doc. 44-2). On June 6, 2014, Mr. Mustian responded to the subpoena by invoking both the state and federal reporter's privilege, but offering to prepare an affidavit "confirm[ing] the publication of specified materials by The Advocate," under Louisiana Revised Statute 45:1455(A). (R. Doc. 44-4 at 1). Plaintiff replied to Mr. Mustian's response by explaining:

> [F]irst, we do not know whether the state court privilege you raised will apply in federal court. Second, the privilege does not appear that it will in any manner

---

[1] Plaintiff also claims Defendant "knowingly" gave statements "based on statistics, hearsay, speculation and possible fabrication and/or suppression of material facts," as probable cause supporting a warrant for Plaintiff's DNA. The search authorized by this warrant, Plaintiff alleges, violated his "liberty interests."

[2] Based on Plaintiff's argument at the hearing, it is clear that Plaintiff is alleging Defendant intended to "taint" the jury pool in some yet to convene state court criminal proceeding. The right to a public and fair trial, "by an impartial jury" is secured to criminal defendants by the Sixth Amendment to the United States Constitution and made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Accord* U.S. Const. amend. VI (Jury trials for crimes, and procedural rights); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 551-52 (1976) (recognizing that pretrial publicity may infringe on an accused's right to a trial by a fair and impartial jury); *Duncan v. State of Louisiana*, 391 U.S. 145, 150-53 (1968) (a criminal defendant's sixth amendment right to a jury trial in federal proceedings is made applicable to state criminal proceedings by the Fourteenth Amendment); *cf.*, *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (The Fifth Amendment only applies to deprivations of life, liberty, or property by the United States or some federal actor.).

> affect any questioning in this case as we are not seeking 'informant' identification. Third, we do not believe the affidavit . . . will be admissible or probative of any fact at issue in this lawsuit. Moreover, any 'informant' protection has been waived in this case, by the article itself and prior deposition testimony taken of Mr. Dauthier.

(R. Doc. 44-5). Given Plaintiff's reply, Mr. Mustian moved this Court to quash Plaintiff's Rule 45 subpoena on June 17, 2014. (R. Doc. 44).

Based on the oral argument presented on the Motion as well as the contents of the briefs, it is apparent that Plaintiff's purpose in seeking a deposition of Mr. Mustian is not limited to determining what was actually published. Instead, Plaintiff's motivation potentially extends to Mr. Mustian's process in writing the subject article, what information was or was not provided to him by his sources, as well as the identity of any sources of information, regardless of whether that information was used in the publication or whether those sources have been identified.

## II. APPLICABLE LAW

Rule 26(b)(1) of the Federal Rules of Civil Procedure governs the scope of discovery. Under Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A relevant discovery request seeks information that is "either admissible is reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990) (quoting Fed. R. Civ. P. 26(b)(1)). The scope of discovery is not without limits, however, and the Court may protect a party from responding to discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Additionally, the Rule provides that, on a timely motion, the court of compliance must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

Subpoenas issued for discovery purposes, such as those at issue here, are also subject to the discovery limitations outlined in Rule 26(b). See *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).")

### III.  DISCUSSION

In support of his Motion, Mr. Mustian first argues that state, rather than federal, reporter's privilege applies, despite Plaintiff's assertion of both federal and state law claims. Rule 501 of the Federal Rules of Evidence explains that federal common law generally "governs a claim of privilege" in federal court. "But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. It is settled that federal privilege law applies in federal question cases involving only federal law and that state privilege law applies in diversity cases involving only state law. *See Gilbreath v. Guadalupe Hosp. Foundation, Inc.*, 5 F.3d 785, 791 (5th Cir. 1993) (applying federal privilege law in federal question case); *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 299 n.26 (5th Cir. 2005) (applying state privilege law in diversity case).

However, when supplemental state-law claims are also present in federal question cases, "it is not immediately clear what [privilege] law should apply" — federal or state. *Garza v. Scott & White Memorial Hospital*, 234 F.R.D. 617, 625 (W.D. Tex. 2005). While the Supreme Court has recognized the problem; it declined to decide the appropriate rule. *Jaffee v. Redmond*, 518 U.S. 1, 15 n.15 (1996) (declining to decide "the proper rule in cases . . . in which both the federal and state claims are asserted in federal court and relevant evidence would be privileged under state law but not under federal law"). And so, the issue is left for the lower courts to resolve.

In cases involving federal and state claims, when the requested evidence relates to both the state and federal claims and the privilege rules conflict, courts have generally applied federal privilege law. *See Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000) ("The problems associated with the application of two separate privilege rules in the same case are readily apparent, especially where, as here, the evidence in dispute is apparently relevant to both the state and the federal claims. This court has resolved this potential conflict in favor of federal privilege law . . . ."); *Virmani v. Novant Health Inc.*, 259 F.3d 284, 287 n.3 (4th Cir. 2001) ("We agree with our sister circuits that in a case involving both federal and state law claims, the federal law of privilege applies."); *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992) (same); *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005) ("Where there are federal question claims and pendent state law claims present, the federal law of privilege applies."); *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987) (where evidence is relevant to both federal and state claims, federal privilege law applies); *Memorial Hosp. v. Shadur*, 664 F.2d 1058, 1061 & n.3 (7th Cir. 1981) (same). This is especially true where federal privilege law makes the evidence admissible and state law prevents admission.

In the instant case, Plaintiff has asserted federal claims under § 1983 in addition to pendent state law claims. Under Louisiana law, Revised Statute 45:1452 prevents disclosure of the identity of a confidential informant. *See In re Grand Jury Proceedings*, 520 So.2d 372, 374 (La. 1988) (reporter did not have to answer questions about the identity of a confidential source or any questions that would indirectly reveal the identity of a source absent a showing that the "disclosure is essential to the protection of the public interest"). Louisiana Revised Statute 45:1459 generally prevents the disclosure of any unpublished information a reporter obtains from his or her source, regardless of whether it was received in confidence. However, after a contradictory hearing, the disclosure of unpublished information may be ordered if the requesting party proves by clear and specific evidence that the information is: (1) highly relevant and material; (2) critical and necessary to claims; and (3) cannot be obtained elsewhere.

Although "[p]rivileges are strongly disfavored in federal practice," federal common law generally affords a qualified privilege to reporters preventing the disclosure of their confidential sources. The Fifth Circuit has recognized this qualified privilege and applied the test articulated in *Garland v. Torre*, 259 F.2d 545 (2d Cir. 1958), to determine waiver. *See Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 725 (5th Cir. 1981). Under the *Garland* test, information gathered by a reporter is subject to a qualified privilege that will only yield upon a showing that: (1) the information is relevant; (2) the information cannot be obtained by alternate means; and (3) there is a compelling interest in the information. While the Fifth Circuit has not addressed whether this qualified privilege protects unpublished information, other circuits have found that it does and have applied the *Garland* test in those situations. *See Brinston v. Dunn*, 919 F.Supp. 240, 243 (S.D. Miss. 1996) (collecting cases). Considering whether to compel the disclosure of unpublished information gathered by a reporter, the Southern District of

Mississippi discussed the factors cited in *Garland* and noted that the court must also "weigh First Amendment interests" — i.e., the chilling effect of disclosure — "against the interests of the party seeking discovery." *Brinston*, 919 F. Supp. at 244.

Here, Mr. Mustian contends that state rather than federal privilege law applies as the requested evidence mostly relates to Plaintiff's state law defamation claim. (R. Doc. 44-1 at 3-5). Moreover, Mr. Mustian suggests that the Court ignore any relevance the discovery has to Plaintiff's federal claim that Defendant's statements in Mr. Mustian's article were "a calculated effort to taint or poison a jury pool in violation of [Plaintiff's] right to a fair trial," because this claim is not viable.

However, arguing that discovery should not be allowed because a claim appears meritless "is not the kind of argument that the Court can adequately entertain in a discovery dispute." *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 257 (M.D.N.C. 2001); *see also Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986) ("The issue is not whether [the plaintiff] may ultimately prevail" on a particular claim, when considering a motion to compel.). At the same time, the Court recognizes Mr. Mustian's argument regarding the speculative nature of Plaintiff's claim in that Plaintiff does not identify any pending civil or criminal matter or jury pool that Defendant's statements have allegedly impacted.

Regardless of whether the Court applies Louisiana law or federal common law, there is significant overlap between the factors considered in determining whether a reporter should be forced to reveal unpublished information or the identity of confidential sources. The discoverable information must bear some relevance to the cause of action. In addition, it cannot be obtained by alternate means. In the instant matter, the Court need not definitively determine

whether state or federal privilege applies. Under either scenario, the privilege should not give way to Plaintiff's discovery request.

Plaintiff claims that Defendant defamed him in violation of Louisiana law by making statements to the press, which appeared in the newspaper article authored by Mr. Mustian. Under Louisiana law, a "communication is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community." *Freeman v. Cooper*, 414 So.2d 355, 358 (La. 1982). A cognizable claim for defamation requires proof of: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Trentecosta v. Beck*, 703 So.2d 552, 559 (La. 1997). The necessary level of fault is often described as "malice" — actual or implied. *Fitzgerald v. Tucker*, 737 So.2d 706, 715-16 (La. 1999).

Plaintiff contends that Defendant may have selectively disclosed information to Mr. Mustian that tended to incriminate him, while omitting information that might be exculpatory. In other words, Plaintiff believes the information provided to the reporter was selective, thereby resulting in a news article that was not fair and balanced. Plaintiff cannot demonstrate, however, how the sought after discovery from the reporter is relevant to his cause of action. Plaintiff confirmed during the hearing that he is not claiming the information provided to Mustian and published in the article was actually false. In his Opposition, Plaintiff sets forth detailed deposition questioning of Defendant about information he provided to The Advocate.[3] Plaintiff asserts, and Defendant does not dispute, that Defendant stated that "Mr. Porter has always been a suspect in the grisly murder of Denise Porter." (R. Doc. 47 at 8). Plaintiff argues that this

---

[3] Plaintiff's argument that any reporter's privilege has been waived because Defendant Dauthier confirmed that he provided information to the Advocate is unpersuasive. Plaintiff has provided nothing to support his position that an identified source's acknowledgement can constitute a waiver of the privilege belonging to the reporter. In addition, Plaintiff seeks to discover information that was <u>not</u> published as well as potentially discover the identity and the content of material provided by other sources, if any.

"statement is either true or it is not." (*Id*.). A newspaper reporter, however, will not be able to confirm the veracity of that statement. There is nothing in the record to support any conclusion that discovery from Mr. Mustian, particularly discovery that intends to seek material that was not published and was not provided by Defendant, bears on an essential element of Plaintiff's defamation claim — that the statements were false or defamatory in some way. *Trentecosta*, 703 So.2d at 559 (statement must be false or defamatory).

It is also apparent that any needed and relevant discovery as to this cause of action can be readily obtained by alternate means. The Advocate has offered to confirm the publication of the article in question. Defendant, in his deposition, has not denied providing the information attributed to him in that article and presumably has identified any other information he provided to the reporter.

Therefore, the Court finds that both the federal and state reporter's privilege protects Mr. Mustian's testimony. Plaintiff has not sufficiently demonstrated that any information Mr. Mustian could provide is relevant and material to Plaintiff's claims. As such, the necessity of such information is questionable at best. The chilling effect of such compelled disclosure, however, would infringe upon the protection afforded to the press by the First Amendment.

Accordingly, the Court also finds that the potential infringements on the First Amendment outweigh any articulated reasons for requiring the disclosure of any unpublished information. To the extent Plaintiff needs Mr. Mustian or The Advocate to confirm the publication of the article or the fact that Defendant is properly sourced as referenced in the article, that can (and has been) obtained from other sources.

A consideration of Plaintiff's claim that his due process rights were violated based on Defendant's intent to taint a jury pool leads to the same conclusion. "The law is clear that

compulsory disclosure of a reporter's confidential sources should be the last resort for obtaining information; all other means must first be exhausted." *Lenhart v. Thomas*, 944 F. Supp. 525, 530 (S.D. Tex. 1996). The Court finds this insufficient to waive the reporter's privilege as the information is readily available to Plaintiff from Defendant — the known *source* of the information. *See Mize v. McGraw-Hill, Inc.*, 86 F.R.D. 1, 3 (S.D. Tex. 1980) ("[C]onsidering the possibility that plaintiff might learn the . . . information through alternative avenues of discovery and the potentially chilling effect of disclosure . . . , the interest in confidentiality is weightier than the interest in disclosure."); *Lenhart*, 944 F. Supp. at 530 ("Where a potential alternative source of information is known and can be deposed, that source must be pursued prior to forcing the reporter to reveal her confidential source.").

The Defendant is identified as having provided the information attributable to him in the article. He has been deposed regarding that information. If Plaintiff's cause of action on this basis is viable, he has been afforded an opportunity to discover any such evidence. It is the content of the publication at issue, as that is what was disseminated to any such unidentified jury pool. Because the information is readily available from Defendant, the actual source and a party to this suit, as well as the published material, the reporter's privilege precludes the discovery now sought.

**IV. CONCLUSION**

For the reasons given above, **IT IS ORDERED** that Mr. Mustian's Motion to Quash (R. Doc. 44) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on November 25, 2014.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**