# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOEL PORTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-41-JWD-RLB** |
| **JOHN DAUTHIER,**<br>**IN HIS INDIVIDUAL**<br>**CAPACITY** | |

## RULING GRANTING MOTION TO QUASH

Before the Court is non-party Ashley Smith's Motion to Quash (R. Doc. 69) a subpoena and Notice of Deposition that was issued by Plaintiff, Joel Porter. The Motion is opposed (R. Docs. 70, 99). The Court stayed the noticed deposition and also ordered that no discovery could be taken from Ms. Smith without further order from the Court. (R. Doc. 72). The parties presented argument on the Motion to Quash on July 23, 2014. (R. Doc. 79). This matter was then stayed for 60 days and that period has now ended.

## I. BACKGROUND

The current action is brought against John Dauthier (Defendant), a detective of the Baton Rouge City Police Department. Defendant is investigating the unsolved murder of Plaintiff's wife that occurred over 28 years ago. Plaintiff sued Defendant for alleged constitutional violations made actionable by 42 U.S.C. § 1983 and for defamation. Plaintiff claims that Defendant falsified an affidavit to obtain a search warrant for Plaintiff's DNA, conducted a warrantless search of Plaintiff, falsely arrested him, violated his right to due process by intending

to taint a jury pool, and falsely accused Plaintiff of being a suspect in his wife's murder in a January 2014 news article. (First Amended Compl., R. Doc. 4 at 15-18).

Plaintiff claims that as a result of the allegedly defamatory newspaper article, and at the encouragement of Defendant, Ms. Ashley Smith pursued a temporary restraining order against Plaintiff. (R. Docs. 29, 70). The Motion to Quash is directed toward Plaintiff's efforts to obtain discovery from Ms. Smith.

## II. LEGAL STANDARD

Under Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A relevant discovery request seeks information that is "either admissible is reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990) (quoting Fed. R. Civ. P. 26(b)(1)). The scope of discovery is not without limits, however, and the Court may protect a party from responding to discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). If a subpoena requires a person's attendance, Rule 45(b)(1) of the Federal Rules of Civil Procedure requires that the subpoenaing party tender the fees for 1 day's attendance and the mileage allowed by law.

Additionally, the Rule provides that, on a timely motion, the court of compliance must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

## III. DISCUSSION

Ashley Smith raises numerous arguments in support of her Motion to Quash. First, she asserts that there is a Temporary Restraining Order (TRO)[1] issued by the Family Court of East Baton Rouge Parish that prohibits Mr. Porter, his agents, and assigns, from contacting her, communicating with her, or going within 100 feet of her. (R. Doc. 69 at 4). Any deposition of Ms. Smith would necessarily run afoul of this TRO as it would involve Mr. Porter and/or his agent having direct contact with Ms. Smith. The Court need not, however, decide whether the existence of the Family Court TRO should prohibit the discovery contemplated in this matter. Counsel for Plaintiff and counsel for Ms. Smith have both advised the Court that the TRO is no longer in effect and therefore no longer an issue. (R. Docs. 99, 102).

Ms. Smith further alleges that she has an attorney/client relationship with the Plaintiff and she "cannot be compelled to disclose attorney-client communications" in the deposition. (R. Doc. 69 at 4). In his Opposition, Plaintiff provides the scope of the testimony sought from Ms. Smith. Specifically, Plaintiff asserts that "Ms. Smith will provide sworn testimony regarding her interactions with JOHN DAUTHIER arising out of and triggered by the January 19, 2014, article, where JOHN DAUTHIER accused JOEL PORTER of being a suspect in the brutal murder of DENISE PORTER some 28 years ago." (R. Doc. 70). Plaintiff describes the

---

[1] This order is also referred to by the parties and referenced in the exhibits as a "Protective Order" as well as an "Order of Protection."

relevance of Ms. Smith's testimony as "damages to Mr. Porter" based on the "offensive publication at issue in this case." (R. Doc. 70 at 5). This same argument was made by Plaintiff to the Court in opposition to the Motion to Quash.

Based on the information before the Court, the scope of any attorney-client relationship between Ms. Smith and Mr. Porter is not clear. More important, however, is that Plaintiff has represented to the Court both in writing and in oral argument that the deposition of Ms. Smith pertains to her interactions with Mr. Dauthier and her obtaining the TRO based, in part, on the contents of the article at issue in this case. It does not appear that any such testimony would infringe upon any privileged communications between the Plaintiff and Ms. Smith. In the telephone conference on November 21, 2014, counsel for Ms. Smith advised that any concerns regarding this issue could be addressed on a question by question basis during the deposition. (R. Doc. 102). The Court agrees that this will allow Ms. Smith and her attorney to preserve any such claims of privilege. *See* Fed. R. Civ. P. 30(c)(2).

Ms. Smith also argues that she has "no information and was, in no way involved, in anything which has been alleged by Mr. Porter in his lawsuit" and that the subpoena is "abusive" and constitutes "harassment." (R. Doc. 69 at 2). Plaintiff's position is that the Defendant encouraged Ms. Smith to take certain actions against the Plaintiff in relation to the claims contained in the Complaint. Ms. Smith asserts that this position is "outrageous" and "false." (R. Doc. 69 at 4). Finally, Ms. Smith is concerned that the subpoena is simply an attempt to conduct discovery in connection with the TRO that was pending at the time Ms. Smith filed this Motion to Quash. (R. Doc. 69-1 at 4).

Ms. Smith's final concern – that this is an attempt to conduct discovery for the TRO – is no longer an issue as that proceeding has been terminated. With respect to Ms. Smith's other

arguments, subpoenas issued for discovery purposes, such as those at issue here, are subject to the discovery limitations outlined in Rule 26(b). *See Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).").

The Court is not satisfied that the scope of the testimony proposed by the Plaintiff is beyond that permitted by the Federal Rules of Civil Procedure. The Plaintiff anticipates that Ms. Smith will provide sworn testimony regarding her interactions with the Defendant arising out of and triggered by the January 19, 2014 article at issue in this case. Whether Plaintiff is correct about the content of Ms. Smith's testimony or whether Ms. Smith will testify that these suggestions are false can be resolved through that testimony.

Ms. Smith's remaining argument is that the subpoena should be quashed because she was not provided the required tender of the required fee for a day's attendance and the mileage allowed by law when served. Rule 45(b)(1) of the Federal Rules of Civil Procedure requires "delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." There is no dispute that the required fee and reasonable mileage were not provided with service of the subpoena.[2]

The United States Court of Appeals for the Fifth Circuit has held that "[t]he conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance. [T]he plain meaning of Rule 45[ (b)(1) ] requires simultaneous tendering of witness fees and the reasonably estimated

---

[2] The Court need not make any determination as to a "reasonable" estimate of mileage because nothing was provided.

mileage allowed by law with service of a subpoena." *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (internal quotation marks omitted).

Plaintiff has failed to comply with the requirements of Rule 45 as recognized by the Fifth Circuit in *Dennis*. Failure to simultaneously tender witness fees invalidates the service. *Tucker v. Tangipahoa Parish Sch. Bd.*, Civ. A. No. 06-3818, 2007 WL 1989913, at *2 (E.D. La. July 3, 2007) (subpoena quashed because, among other reasons, "service of the subpoena was improper because no witness fee or mileage fee was tendered with service."); *Boze Memorial, Inc. v. Travelers Lloyds Ins. Co.*, 3:12-cv-669-P, 2013 WL 5299278, at *4 (N.D. Tex. Sept. 20, 2013) (refusing to compel compliance with a subpoena because "failure to tender the appropriate, required mileage allowance – that is, an amount for the reasonably estimated mileage allowed by law – renders service of a subpoena incomplete"); *Meyer v. Foti,* 720 F. Supp. 1234, 1244 (E.D. La. July 10, 1989) ("Technically, a subpoena is invalid if no fee is tendered." ) (citing *CF & I Steel Corp. v. Mitsui & Co.* (*USA*)*, Inc.*, 713 F.2d 494 (9th Cir. 1983)).

Plaintiff's argument that he can tender the fee and mileage during Ms. Smith's deposition attendance is unavailing. There is nothing in Rule 45 to support this position.[3] *Boze Memorial, Inc.*, 2013 WL 5299278, at *4 ("Rule 45(b)(1) 'makes no provision for serving a subpoena and promising to pay the fee later.'") (citing *Tucker*, 2007 WL 1989913, at *2 (same)). In addition, the Fifth Circuit's recognition of a court's discretion to quash such a subpoena on this ground presupposes a defect in such subpoena. Accordingly, due to Plaintiff's failure to tender the required fee and mileage,

---

[3] The Court is unpersuaded by Plaintiff's reliance on *Meyer v. Foti*, 720 F. Supp. 1234 (E.D. La. 1989). In that case, the deposition subpoena at issue was challenged on the grounds that (1) the witness fees were not tendered and (2) that the testimony at issue would relate to a judicial officer's mental processes concerning official duties. *Meyer,* 720 F. Supp. at 1243-44. The court recognized that technically a "subpoena is invalid if no fee is tendered." *Id*. at 1244. Because that technical defect could be cured, presumably with a new subpoena that complied with the rule, the district judge quashed the subpoena on the other ground raised, thereby ending the discovery dispute at issue. *Id.*

**IT IS ORDERED** that non-party Ashley Smith's Motion to Quash (R. Doc. 69) is **GRANTED.**[4]

Signed in Baton Rouge, Louisiana, on November 25, 2014.

                                                  RICHARD L. BOURGEOIS, JR.
                                                  UNITED STATES MAGISTRATE JUDGE

---

[4] The Court recognizes that due to the pendency of several discovery related motions and the suspension of Plaintiff's counsel, the time within which to complete discovery has been restricted. Upon resolution of the pending discovery motions and consideration of an expected renewed motion to amend the complaint, the Court will consider revising the existing discovery deadlines. The technical defect that is the subject of this Order can be remedied with the issuance and service of a new subpoena and the deposition could proceed on the subject matters as set forth above.