UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOEL PORTER**                                   **CIVIL ACTION**

**VERSUS**                                        **NO. 14-41-JWD-RLB**

**JOHN DAUTHIER,**
**IN HIS INDIVIDUAL**
**CAPACITY**

### ORDER ON PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff's Motion to Compel (R. Doc. 29) Defendant, John Dauthier (Defendant), to respond to deposition questions about his interactions with two non-parties — Ashley Smith, and Defendant's former attorney, Jill Craft. Defendant did not oppose or otherwise respond to Plaintiff's Motion to Compel (R. Doc. 29).

**I.    BACKGROUND**

The current action is brought against Defendant, John Dauthier (Defendant), a detective of the Baton Rouge City Police Department. Defendant is investigating the unsolved murder of Plaintiff's wife that occurred over 28 years ago. Plaintiff sued Defendant for alleged constitutional violations made actionable by 42 U.S.C. § 1983 and for defamation. Plaintiff claims that Dauthier falsified an affidavit to obtain a search warrant for Plaintiff's DNA, conducted a warrantless search of Plaintiff, falsely arrested him, violated his right to due process by intending to taint a jury pool, and publically made false accusations that Plaintiff has always been a suspect in his wife's murder. (Compl., R. Doc. 4 at 15-18). Plaintiff further claims that

Dauthier encouraged one of Plaintiff's former clients, Ashley Smith, to pursue a protective order against Plaintiff. (R. Doc. 29 at 1-2).

According to Plaintiff, during Defendant's May 14, 2014 deposition, he objected to questions by Plaintiff's counsel about communications Defendant had with Ms. Smith's attorney, Jill Craft, relative to Ms. Smith's protective order against Plaintiff. (R. Doc. 29 at 3). Defendant apparently based his objections on the attorney-client privilege. (R. Doc. 29 at 3). Considering Defendant's objections, Plaintiff filed the instant Motion to Compel (R. Doc. 29) Defendant's responses to deposition "questions regarding his contacts with Jill Craft relative to Ashley Smith or Joel Porter[,] including . . . :

1. Did conversations take place;
2. When did any conversations take place;
3. Who was present during the conversations;
4. What was said;
5. Whether any documents or evidence was presented or discussed; and
6. Other related matters.

(R. Doc. 29 at 3).

Plaintiff claims the testimony is relevant to his alleged damages. Specifically, Plaintiff claims that Ms. Smith only sought a protective order as a result of a defamatory news article that was instigated and filled with information selectively supplied by Defendant. As of this Order, Defendant has not responded to Plaintiff's Motion to Compel (R. Doc. 29).

## II. LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A relevant discovery request seeks information that is "either admissible or reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990) (quoting Fed. R. Civ. P. 26(b)(1)) (alterations in original).

Nonetheless, a party may withhold otherwise discoverable information on the basis of privilege. Fed. R. Civ. P. 26(b)(1).

The party asserting the attorney-client privilege has the burden of proving: "(1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *U.S. v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997).[1]

## III. DISCUSSION

For the attorney client privilege to apply there must have been an attorney client relationship between Defendant and Ms. Craft with respect to the communications at issue.[2] *U.S. v. Edwards*, 39 F. Supp. 2d at 716, 721 (M.D. La. 1999). Where a person consults an attorney to obtain advice on a personal legal question or matter, that activity gives rise to an attorney-client relationship. *Buford v. Holladay*, 133 F.R.D. 487, 491 (S.D. Miss. 1990). Defendant's communications with Ms. Craft were not made for purposes of obtaining legal advice on a matter personal to Defendant. Instead, the communications described in the Motion to Compel relate to information provided to Ms. Craft by Defendant, a non-client third party, concerning a legal matter involving Ms. Smith, the actual client. *Buford*, 133 F.R.D. at 491 ("to the extent that the attorney has obtained information from non-client third parties, the attorney-client privilege does not apply") (citing *Hickman v. Taylor*, 329 U.S. 495, 508 (1947)). Without any response from

---

[1] In this cause of action, Plaintiff asserts both federal and pendent state law claims. Nonetheless, which privilege law applies to the instant Motion — state or federal — is immaterial given the "federal common law and Louisiana statutory law are materially similar concerning the attorney-client privilege." *Akins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2013 WL 796095, at *11 (E.D. La. March 4, 2013); *see also Soriano v. Treasure Chest Casino, Inc.*, No. 95-3945, 1996 WL 736962, at *2 (E.D. La. Dec. 23, 1996) (federal "common law and Louisiana statutory law are materially similar in this case in regards to attorney-client privilege").

[2] Portions of the record do indicate that Defendant has been represented by Ms. Craft in connection with *Dauthier v. City of Baton Rouge/Parish of East Baton Rouge, et al.*, No. 11-230 (M.D. La. dismissed June 4, 2013). The deposition questions at issue here, however, are unrelated to that matter.

Defendant advising otherwise, the Court finds the attorney client privilege inapplicable to prevent disclosure of the requested information.

Next, even assuming an attorney-client relationship did exist between Defendant and Ms. Craft with respect the subject communications, Defendant has not shown that those communications were made in confidence. "It is vital to a claim of privilege that the communication have been made and maintained in confidence". *United States v. Pipkins*, 528 F.2d 559, 563 (5th Cir.1976). The privilege holder must have a reasonable expectation of confidentiality. *United States v. Melvin*, 650 F.2d 641, 646-47 (5th Cir. 1981). Logically, courts have refused to apply the privilege to information the client intends his or her attorney to impart to others, *U.S. v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1976), or to communications made in the presence of third parties, *United States v. Blackburn*, 446 F.2d 1089, 1091 (5th Cir. 1971). Here, the nature of the sought-after communications indicates that Defendant did not have a reasonable expectation of confidentiality. The subject communications between Defendant and Ms. Craft concern Ms. Craft's current client, Ashley Smith, and her former protective order filed against Plaintiff. In other words, it appears Defendant reasonably anticipated these conversations would be imparted to Ms. Smith. In the alternative, it seems Ms. Smith may have been present for some of these conversations.

Moreover, a general allegation of privilege is insufficient to meet the proponent's burden of establishing the privilege. The privilege holder must provide "sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the privilege exists." *S.E.C. v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009). Ultimately, Defendant has not adequately proven the existence of the attorney client privilege. As of this Order, Defendant has failed to respond to the Motion to Compel or otherwise attempt to support his

claimed privilege. *See Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633, 2014 WL 29451, at *17 (M.D. La. Jan. 3, 2014) (finding a waiver of privilege where, among other things, the non-movant "failed to respond to the Motion to Compel or otherwise attempt to support his claimed privilege."); *Nationwide Mut. Fire Ins. Co. v. Smith*, 174 F.R.D. 250, 251 n.1 (D. Conn. 1997) (where plaintiff raised attorney-client privilege at deposition, but did not raise privilege in opposing motion to compel, court found plaintiff's "silence on this issue to be a waiver of any objection based on the privilege"); *Moloney v. U.S.*, 204 F.R.D. 16, 21 (D. Mass. 2001) ("At the deposition . . . , the defense attorney claimed the attorney/client [privilege] to block testimony. In the face of the motion to compel, no effort has been made to justify these assertions" and "any protection potentially afforded by them is foreclosed.").

Finally, it appears the questions are reasonably calculated to elicit testimony that is either relevant or likely to lead to relevant evidence of any conduct by Defendant as it relates to Ms. Smith's motivations for seeking the protective order. In his Motion to Compel, Plaintiff suggests that the news article about the unsolved murder of Plaintiff's late wife, which quotes statements made by Defendant, prompted Ms. Smith to first contact Defendant and eventually pursue a protective order. Plaintiff claims the article was defamatory and that Ms. Smith's protective order is one of the many harms resulting from that article, for which Plaintiff is owed compensation. The Court finds Plaintiff's representations sufficient to show that the intended discovery falls within the scope of Rule 26(b).

## IV. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Plaintiff's Motion to Compel is **GRANTED**. Defendant has failed to meet his burden in proving any of the deposition testimony at issue is protected by the attorney-client privilege. Defendant must sufficiently respond to

deposition questions concerning his communications with Ms. Craft that relate to Ms. Smith seeking a protective order against Plaintiff.

Signed in Baton Rouge, Louisiana, on December 12, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**