UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOEL C. PORTER, | | |
| | Plaintiff, | CIVIL ACTION |
| | | No. 14-00041-JWD-RLB |
| v. | | |
| JOHN DAUTHIER, | | |
| | Defendant. | |

**ORDER AND RULING ON
PLAINTIFF'S MOTION TO HAVE FACTS DEEMED ADMITTED FOR ALL
PURPOSES**

**I.      INTRODUCTION**

Before the Court is the Motion to Have Facts Deemed Admitted for All Purposes

("Motion"), (Doc. 166), filed by Mr. Joel C. Porter ("Porter" or "Plaintiff"), and countered by the

Memorandum in Opposition to Plaintiff's Motion to Have Facts Deemed Admitted for All

Purposes ("Opposition"), (Doc. 168), tendered by Mr. John Dauthier ("Dauthier" or

"Defendant"). In the Motion, Plaintiff seeks to have certain allegations of still unproven fact

"admitted for all purposes[,] including trial," in spite of Defendant's good-faith compliance with

this Court's explicit directions and his substantive response, if not point-by-point refutation, to

the factual allegations advanced in Plaintiff's Motion for Partial Summary Judgment ("Partial

MSJ"), (Doc. 124), and the attached List of Undisputed Facts ("Statement of Facts"), (Doc. 124-

10). By intent and design, the Federal Rules of Civil Procedure[1] encourage neither

---

[1] In this order, any and all reference to "Rule" or "Rules" are to the Federal Rules of Civil
Procedure unless otherwise noted.

gamesmanship nor empty ceremony and express an unmistakable preference for adjudication on a case's actual merits. Just as surely, Rule 56 limits any sanction to a narrow range of circumstances. Persuaded by these reasons, the Court DENIES the Motion.


## II.        FACTUAL AND PROCEDURAL BACKGROUND[2]

Despite this case's lengthy history, only a handful of facts matter to the present dispute.

On September 23, 2015, this Court denied the Partial MSJ, (Doc. 124), in a thirty-one page order ("Order"). (Doc. 162.) In so doing, this Court resolved an issue repeatedly raised by Plaintiff's counsel: "that Defendant's failure to directly contest the statement of undisputed facts appended to the Partial MSJ," as required by Rule 56 and its local analogue, "effectively admitted their veracity." (*Id.* at 19.) Recognizing both this technical noncompliance and the fact that Defendant's papers had left "no doubt about his disagreement with either the basis or import of each of Plaintiff's undisputed facts," this Court gave Defendant a chance to "properly support or address the Plaintiff's asserted facts." (*Id.* at 20 (internal quotation marks omitted).) Thus, Defendant was "ordered to provide a point-by-point refutation of each of Plaintiff's exculpatory facts." (*Id.* at 31 (internal quotation marks omitted).) While the assemblage in the Partial MSJ slightly differed from those listed in the Statement of Fact, (*Compare* Doc. 124 at 10–11, *with* Doc. 124-10), the Court drew attention to these particular factual allegations due to Plaintiff's insistence on their exculpatory character, (Doc. 124 at 10–11). Pursuant to the Order, on September 25, 2015, Defendant submitted the Memorandum in Opposition to Plaintiff's List of

---

[2] Recently, this Court summarized this case's factual and procedural history, (Doc. 162), and in the interest of efficiency, it will not do so again.

Exculpatory Facts, citing to specific portions of the record and highlighting the conclusory nature of many of Plaintiff's "facts." (Doc. 163).

On September 30, 2015, Plaintiff filed the Motion. (Doc. 166.) In it, Plaintiff maintains that Defendant had failed to comply with the Order in three ways: (1) Defendant "failed to address" the Statement of Fact, (Doc. 124-10); (2) Defendant "failed to provide a concise statement admitting or denying the statement"; and (3) Defendant "failed to cite evidence in the record to 'refute' Mr. Porter's Statements of Fact." (Doc. 166 at 3.) Having so "failed to provide a concise statement admitting or denying the statement [of Fact]," "cite to evidence in the record . . .," and "offered objections and argument . . . [to] Mr. Porter's Statements of Fact . . .  that were not supported, which right was foreclosed to him by this Court's ruling," Plaintiff prays for an order "deeming all facts admitted," even those contested, "and/or, specifically, all statements of fact addressing the exculpatory evidence not included in the warrant" for which this case has sprung. (*Id.*)

Defendant responded with the Opposition on October 20, 2015, arguing for denial of Plaintiff's Motion so as "to avoid undue burden and prejudice." (Doc. 168 at 1.) After citing to Rule 56, Defendant offers up four more specific reasons. (*Id.* at 2–3.) First, Defendant argues that he fully complied with the Order by addressing "the exculpatory facts," identified as such by Plaintiff and summarized in the Order's body, and no alternative instructions were provided. (*Id.* at 3–4.) Second, per Rule 56, undisputed facts never properly contested become undisputed only for purposes of the pertinent motion. (*Id.* at 5.)  Third, Plaintiff's undisputed facts lack any record support, more accurately seen as dealing with "matters that are squarely ripe for presentation to a trier of fact." (*Id.* at 6–7.) Finally, as any review of the exculpatory facts and the Statement of Facts reveals, the two sets are "substantive[ly]" similar, borrowing "direct language

from each other such that the facts, whether undisputed or exculpatory, are addressed by the

[D]efendant's memorandum." (*Id.* at 7.) Regardless of this quartet, even if the Court were to

agree with Plaintiff, Defendant maintains that the proper sanction would be to allow him "to

remedy the issue," thereby avoiding any unnecessary prejudice and injustice. (*Id.* at 8–9.)


## III.    DISCUSSION

The law is unambiguous. "If a party fails to properly support an assertion of fact or fails

to properly address another party's assertion of fact as required by Rule 56(c)," a court may

order any number of sanctions, including "consider[ing] the fact undisputed for ***purposes of the***

***motion***." FED. R. CIV. P. 56(e)(2) (emphasis added). Echoing this standard, Local Rule 56(b)

declares: "All material facts set forth in the statement required to be served by the moving party

will be deemed admitted, for ***purposes of the motion***, unless controverted as required by this

Rule." M.D. LA. CIV. R. 56(b) (emphasis added). As explicitly written, neither provision

authorizes a court to consider uncontested facts "undisputed" except for determining the merits

of the relevant motion for summary judgment; as naturally read, neither paragraph affords a

general grant of authority to construe such facts as inconvertible for all purposes. True, Rule

56(e)(2) allows a court to issue "any [other] appropriate sanction." FED. R. CIV. P. 56(e)(4).

However, in accordance with one of those venerable canons of interpretation, the mention of the

specific remedy that Plaintiff seeks in Rule 56(e)(2) forecloses an interpretation of Rule 56(e)(4)

that would authorize a court to consider a fact undisputed for all time. *See, e.g.*, *RadLAX*

*Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2071, 180 L. Ed 2d 967 (2012)

("The general/specific canon . . . has full application . . . to statutes . . . in which a general

authorization and a more limited, specific authorization exist side-by-side. There the canon

avoids not contradiction but the superfluity of a specific provision that is swallowed by the general one."); *HCSC Laundry v. United States*, 450 U.S. 1, 6, 101 S. Ct. 836, 838, 67 L. Ed. 2d 1 (1981) (per curiam) (a specific provision tends to govern a more general, "particularly when the two are interrelated and closely positioned, both in fact being parts of [the same statutory scheme]"; *BNSF Ry. v. United States*, 775 F.3d 743, 759 (5th Cir. 2015) ("The specific-general canon applies where there is a specific statutory provision that would be subsumed by a general statutory provision."). Quite simply, required to adhere to these provisions' plain import, this Court cannot reasonably read either Rule 56 or its local equivalent as authorizing the expansive remedy that Plaintiff now seeks.

Even if this Court construes Rule 56 in a manner most generous to Plaintiff's position, Rule 56's ambit extends no farther than a motion for summary judgment, and its procedures, including Rule 56(e), are narrowly tailored to such peculiar motions' resolution alone. In other words, unlike Rule 37, which authorizes a court to "direct[] that the matters embraced in . . . [a disobeyed discovery] order or other designated facts be taken as established for purposes of the action" and specifically lists sanctions for failure to make disclosures or cooperate in discovery, Rule 56 contains no equally broad writ. Only if it did would Plaintiff's position be supportable.

Lastly, "courts universally favor trial on the merits." *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992), *cited in Moreno v. Lg Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015). With the Motion, Plaintiff now seeks to avoid such a contest. This Court will not so construe Rule 56, as every rule "should be construed, administered, and employed by the court and the parties to secure the ***just***, speedy, and inexpensive determination of every action and proceeding," FED. R. CIV. 1 (emphasis added).

**IV.     CONCLUSION**

Based on the foregoing reasons, the Plaintiff's Motion to Have Facts Deemed Admitted for All Purposes, (Doc. 166), is DENIED.

Signed in Baton Rouge, Louisiana, on <u>December 21, 2015</u>.


                                _____

                                **JUDGE JOHN W. deGRAVELLES**
                                **UNITED STATES DISTRICT COURT**
                                **MIDDLE DISTRICT OF LOUISIANA**